BRINEN & ASSOCIATES, LLC
Joshua D. Brinen
90 Broad Street, Second Floor
New York, New York 10004
(212) 330-8151 (Telephone)
(212) 227-0201 (Fax)
jbrinen@brinenlaw.com
Attorneys for Defendant William J. Delgado

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ADRIAN LOPEZ, Derivatively and on behalf of GLOBAL DIGITAL SOLUTIONS, INC., <br><br>Plaintiff, <br><br>v. <br><br>WILLIAM J. DELGADO, RICHARD J. SULLIVAN, DAVID A. LOPPERT, JEROME J. GOMOLSKI, STEPHANIE C. SULLIVAN, ARTHUR F. NOTERMAN, AND STEPHEN L. NORRIS, <br><br>Defendants, <br><br>and <br><br>GLOBAL DIGITAL SOLUTIONS, INC., <br><br>Nominal Defendant. | Civil Action No.: <br><br>Hon.: <br><br>**NOTICE OF REMOVAL** <br><br>Document Electronically Filed |

    **TO:**    CHIEF JUDGE AND JUDGES OF THE UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY

    **ON NOTICE TO:**

    Deputy Clerk, Superior Court of New Jersey
    Mercer County Courthouse
    175 South Broad Street
    Trenton, New Jersey 08650

    PAWAR LAW GROUP P.C.
    Vik Pawar, Esq.

20 Vesey Street, Suite 1210
New York, New York 10007

THE BROWN LAW FIRM, P.C.
Timothy W. Brown, Esq.
127A Cove Road
Oyster Bay Cove, New York 11771

Defendant William J. Delgado, "(Delgado"), by and through his undersigned counsel, hereby removes to the United States District Court, District of New Jersey, the civil action pending in the Superior Court of New Jersey, Mercer County, Docket No. C-70-16, ("the State Court Action"), pursuant to 28 U.S.C. §§ 1441 and 1446, as amended, and in accordance with 28 U.S.C. § 1331.

In support of removal, Delgado states as follows:

## INTRODUCTION

1. Plaintiff Adrian Lopez, ("Lopez"), derivatively and on behalf of Global Digital Solutions Inc., a nominal defendant, commenced the State Court Action on September 19, 2016.

2. The State Court Action was dismissed for failure to prosecute, and, on Lopez's motion, the State Court Action was reinstated on March 3, 2017.

3. Lopez served Delgado with the Summons and Complaint, ("the Complaint"), a copy of which is annexed hereto as Exhibit A, on April 17, 2017.

4. Delgado files this Notice of Removal within thirty (30) days of service of the Complaint, as is required by 28 U.S.C. § 1446(b).

5. Delgado will provide to all counsel of record written notice of the filing of the Notice of Removal, and will promptly file with the Deputy Clerk of Superior Court, Mercer County, a copy of the Notice of Removal. See Exhibit B, Notice of Filing of Notice of Removal.

6. Defendant David A. Loppert, having been properly joined and served, joins in and

consents to removal, by and through his counsel, as is required by 28 U.S.C. § 1446(b)(2)(A).

7. Upon information and belief, the other Defendants have not been properly joined and served.

8. A related case, Jeff Hull, Individually and on Behalf of All Others Similarly Situated, v. Global Digital Solutions, Inc., Richard J. Sullivan, David A. Loppert, William J. Delgado, Arthur F. Noterman, and Stephanie C. Sullivan, ("the New Jersey Federal Action"), a copy of which is annexed hereto as Exhibit C, was filed in the District of New Jersey on March 21, 2017.

9. Delgado removes this action without waiving any available defenses, whether procedural or substantive.

## GROUNDS FOR REMOVAL

**Delgado may remove the State Court Action if this Court has original jurisdiction.**

10. Delgado may remove the State Court Action to this Court if it has original jurisdiction. See Int'l Ass'n of Fire Fighters v. City of Atl. City N.J., 2017 U.S. Dist. LEXIS 18908, *4 (D.N.J. Feb. 10, 2017) ("Pursuant to 28 U. S. C. § 1441(a), 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.'") (quotation marks in the original).

**This Court has original jurisdiction of an action that arises under federal law.**

11. This Court has jurisdiction of an action that arises under federal law. See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Manning, 136 S. Ct. 1562, 1569, 194 L. Ed. 2d 671 (2016)

("28 U. S. C. § 1331 provides federal jurisdiction of all civil actions 'arising under' federal law.") (quotation marks in the original).

12. Whether an action arises under federal law depends on the complaint. See Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U. S. 804, 808, 106 S. Ct. 3229, 92 L. Ed. 2d 650 (1986) ("[T]he question whether a claim 'arises under' federal law must be determined by reference to the well-pleaded complaint.") (internal citation omitted) (quotation marks in the original).

13. In determining whether a complaint raises a federal question, this Court will consider only the plaintiff's own allegations. See Goldman v. Citigroup Global Mkts., Inc., 834 F.3d 242, 252-253 (3d Cir. 2016) ("[U]nder the longstanding well-pleaded complaint rule, a suit arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law.") (internal citation and quotation marks omitted).

**This Court has original jurisdiction of the First Claim in the State Court Action.**

14. The First Claim is for Breach of Fiduciary Duty.

15. In pleading the First Claim, Lopez states as follows:

> In breach of their fiduciary duties owed to Global Digital, the Individual Defendants willfully or recklessly made and/or caused the Company to make false and/or misleading statements and omissions of material fact as alleged above. See Exhibit A, ¶ 154.

16. As to the allegations on which the First Claim depends, Lopez states as follows:

> Some of the allegations herein are based on allegations and Company admissions set forth in the Amended Complaint filed on May 30, 2014 and the Answer to Amended Complaint and Counterclaims filed on October 27, 2014 in *Global*

*Digital Solutions, Inc. v. Merriellyn Kett Murphy*, 14-cv-80190-DTKH (S.D. Fla. originally filed January 9, 2014). See Exhibit A, n. 3 (parentheses in the original).

17. A copy of the Amended Complaint in Global Digital Solutions, Inc. v. Merriellyn Kett Murphy, ("the Florida Federal Complaint"), which was filed on July 16, 2014, not on May 30, 2014, as Lopez states, is annexed hereto as Exhibit D.

18. A copy of the Answer to the Amended Complaint and Counterclaims, ("the Florida Federal Answer"), is annexed hereto as Exhibit E.

19. Allegations in the Complaint, See Exhibit A, ¶¶ 89, 90, 91, 92, replicate verbatim allegations in the New Jersey Federal Action, See Exhibit C, ¶ 27, the Florida Federal Complaint, See Exhibit D, ¶¶ 90, 91, and the Florida Federal Answer, See Exhibit E, Affirmative Defenses, ¶ 5, respectively.

20. Lopez incorporates by reference, See Exhibit A, ¶ 152, the entirety of the Securities and Exchange Commission's complaint, ("the SEC Federal Complaint"), which was filed in United States District Court, Southern District of Florida, a copy of which is annexed hereto as Exhibit F.

21. In addition to incorporating by reference all the allegations in the SEC Federal Complaint, Lopez cites to and quotes verbatim from allegations in the SEC Federal Complaint. See Exhibit A, ¶¶ 148 through 153.

22. As the First Claim is based on, and quotes verbatim from, allegations in three separate actions filed in District Courts in New Jersey and Florida, this Court has original jurisdiction over the State Court Action. See Wietschner v. Gilmartin, 2003 U.S. Dist. LEXIS 18997, *9 (D.N.J. Jan. 13, 2003) ("Plaintiff's allegations here rely on federal law as more than mere evidence of breach of fiduciary duty. First, defendant-directors made their allegedly

inflated earnings reports forming the basis of both Counts I and II of the Complaint, in large part, pursuant to the requirements of federal law.") (denying the motion to remand the removed action).

  23. In pleading the First Claim, Lopez further states as follows:

> Such improper conduct was committed knowingly or recklessly and for the purpose and effect of artificially inflating the price of Global Digital's securities and obtaining maximal investor funding under the false pretenses. See Exhibit A, ¶ 183.

  24. This allegation does not implicate an element of a State claim for breach of fiduciary duty, but, instead, is an allegation of securities fraud, over which this Court has original jurisdiction. See In re Prudential Ins. Co. of Am. Sales Practices Litig., 962 F. Supp. 450, 501 (D.N.J. 1997) ("[T]here is no dispute that the Court has exclusive 'federal question' subject matter jurisdiction over plaintiffs' federal securities fraud claims under 15 U.S.C. § 78aa and 28 U.S.C. § 1331.").

  25. In pleading the First Claim, Lopez still further alleges as follows:

> The Individual Defendants' breaches of fiduciary duty and other misconduct have subjected the Company…to a federal securities fraud class action lawsuit pending in the United States District Court for the District of New Jersey, [and] subjected the Company…to a lawsuit brought by the SEC in the United States District Court for the Southern District of Florida…. See Exhibit A, ¶ 7.

  26. This Court has held that Lopez's allegation that, as a result of Delgado's purported breach of fiduciary duty, Global Digital Solutions is the subject of securities fraud lawsuits depends on federal law and warrants removal. See Wietschner v. Gilmartin, 2003 U.S. Dist.

LEXIS 18997, n. 5 ("[P]laintiff alleges two injuries that obviously depend on federal law - that Merck was the subject of securities fraud class action lawsuits and an SEC investigation.").

<b>This Court's determination in <u>Fagin v. Gilmartin</u> does not require a different result.</b>

27. This Court declined to follow <u>Wietschner v. Gilmartin</u> in deciding <u>Fagin v. Gilmartin</u>, 2007 U.S. Dist. LEXIS 7256 (D.N.J. Feb. 1, 2007), a derivative action where the plaintiff alleged, among other things, a breach of fiduciary duty, as Lopez does in his First Claim.

28. There, this Court stated as follows:

> Predicating the alleged violation of duties existing by virtue of state law on conduct which may involve federal securities violations does not bring the federal securities laws to the forefront of the action. <u>Fagin v. Gilmartin</u>, 2007 U.S. Dist. LEXIS 7256, *14.

29. In his First Claim, Lopez does more than allege federal securities violations as factual predicates, but, instead, by pleading allegations drawn directly, and some allegations verbatim, from allegations in actions filed in District Courts in New Jersey and Florida, and by incorporating by reference all the allegations in an SEC federal action, Lopez himself has brought the federal securities laws to the forefront of this action.

<b>Lopez's artful pleading is impermissible.</b>

30. Lopez cannot avoid this Court's jurisdiction by artfully pleading his First Claim in such a way as to avoid the federal securities law question that he himself has brought to the forefront. See <u>Smith v. Silgan Containers Mfg. Corp.</u>, (D.N.J. Jun. 15 2016) ("[A] plaintiff cannot avoid federal jurisdiction by artfully pleading his federal claim as a state law claim.") (internal citation and quotation marks omitted).

**This Court may exercise jurisdiction over the remaining claims in the State Court Action.**

31. As this Court has original jurisdiction of the First Claim, it may exercise jurisdiction of the remaining claims. See Exxon Mobil Corp. v. Allapattah Servs., 545 U.S. 546, 552, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005) ("[O]nce a court has original jurisdiction over some claims in the action, it may exercise supplemental jurisdiction over additional claims that are part of the same case or controversy.").

WHEREFORE, Delgado requests as follows:

a) that this Court remove the State Court Action; and

b) that further proceedings be conducted in this Court as provided by law.

Dated:   New York, New York
         May 15, 2017

    Respectfully submitted,

    /s/ Joshua D. Brinen
    Joshua D. Brinen
    Brinen & Associates, LLC
    90 Broad Street, Second Floor
    New York, New York 10004
    (212) 330-8151 (Telephone)
    (212) 227-0201 (Fax)
    jbrinen@brinenlaw.com
    Attorneys for Defendant
    William J. Delgado