UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| ADRIAN LOPEZ, Derivatively and on behalf of GLOBAL DIGITAL SOLUTIONS, INC., | : |
| Plaintiff, | : |
| v. | : Case No.: 3:17-cv-03468-PGS-LHG |
| WILLIAM J. DELGADO, RICHARD J. SULLIVAN, DAVID A. LOPPERT, JEROME J. GOMOLSKI, STEPHANIE C. SULLIVAN, ARTHUR F. NOTERMAN, AND STEPHEN L. NORRIS, | : Hon. Peter G. Sheridan<br>: Hon. Lois H. Goodman |
| Defendants, | : |
| and | : |
| GLOBAL DIGITAL SOLUTIONS, INC., | : |
| Nominal Defendant. | : |

---

**MEMORANDUM OF LAW IN RESPONSE AND REPLY TO THE MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF ADRIAN LOPEZ'S MOTION TO REMAND AND IN RESPONSE TO DEFENDANTS WILLIAM J. DELGADO'S AND DAVID A. LOPPERT'S MOTIONS TO DISMISS**

Joshua D. Brinen
Brinen & Associates, LLC
90 Broad Street, Second Floor
New York, New York 10004
(212) 330-8151 (Telephone)
(212) 227-0201 (Fax)
jbrinen@brinenlaw.com
Attorneys for Defendant William J. Delgado and Nominal Defendant Global Digital Solutions, Inc.

Table of Contents

| | Page |
|---|---|
| Table of Authorities | ii |
| Response to Motion to Remand | 2 |
|     Preliminary Statement | 2 |
|         Lopez's counsel misrepresents Defendants' position. | 2 |
|         Lopez's counsel is presumptuous, and his accusation of bad faith is groundless. | 2 |
|     Arguments | 3 |
|         Lopez can bring his First Claim only in a Federal court. | 3 |
|             Lopez alleges that this is an action for fraud. | 3 |
|             Lopez invokes the fraud on the market doctrine. | 4 |
|             Reliance is an essential element of a fraud claim. | 5 |
|             The fraud on the market doctrine is applicable only in a federal securities fraud claim. | 5 |
|         Lopez's allegations not taken from the Federal actions do not require a different result. | 6 |
|         Stern v. Baldwin does not require a different result. | 7 |
|         Fagin v. Gilmartin does not require a different result. | 7 |
|         Randolph v. Forsee does not require a different result. | 9 |
|         Lopez's reliance on Smith v. Silgan Containers Mfg. Corp. is misplaced. | 9 |
|     Conclusion | 10 |
| Reply to Response to Motions to Dismiss | 10 |

Table of Authorities

|  | Page |
|---|---|
| Basic Inc. v. Levinson, <br> 485 U.S. 224, 108 S. Ct. 978, 99 L. Ed. 2d 194 (1988) | 4 |
| Bristol-Myers Squibb Co. v. Superior Ct., <br> 2017 U.S. LEXIS 3873 (June 19, 2017) | 12 |
| Eli Lilly & Co. v. Roussel Corp., <br> 23 F. Supp. 2d 460 (D.N.J. 1998) | 5 |
| Fagin v. Gilmartin, <br> 2007 U.S. Dist. LEXIS 7256 (D.N.J. 2007) | 7, 8 |
| Gerald Chamales Corp. v. Oki Data Ams., Inc., <br> 557 F. Supp. 2d 494 (D.N.J. 2008) | 11, 12 |
| In re Intelligroup Sec. Litig., <br> 527 F. Supp. 2d 262 (D.N.J. 2007) | 5 |
| Intl. Union of Operating Engrs. Local No. 68 Welfare Fund v. Merck & Co., Inc., <br> 192 N.J. 372, 929 A. 2d 1076 (2007) | 5 |
| Kaufman v. I-Stat Corp., <br> 165 N.J. 94, 754 A. 2d 1188 (2000) | 5, 6 |
| Randolph v. Forsee, <br> 2010 U.S. Dist. LEXIS 131807 (D. Kan. 2010) | 9 |
| Smith v. Silgan Containers Mfg. Corp., <br> 2016 U.S. Dist. LEXIS 78308 (D.N.J. 2016) | 9 |
| Stern v. Baldwin, <br> 2010 U.S. Dist. LEXIS 1062 D.N.J. 2010) | 7 |

BRINEN & ASSOCIATES, LLC
Joshua D. Brinen
90 Broad Street, Second Floor
New York, New York 10004
(212) 330-8151 (Telephone)
(212) 227-0201 (Fax)
jbrinen@brinenlaw.com
Attorneys for Defendant William J. Delgado and
Nominal Defendant Global Digital Solutions, Inc.

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ADRIAN LOPEZ, Derivatively and on behalf of GLOBAL DIGITAL SOLUTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM J. DELGADO, RICHARD J. SULLIVAN, DAVID A. LOPPERT, JEROME J. GOMOLSKI, STEPHANIE C. SULLIVAN, ARTHUR F. NOTERMAN, AND STEPHEN L. NORRIS, <br><br> Defendants, <br><br> and <br><br> GLOBAL DIGITAL SOLUTIONS, INC., <br><br> Nominal Defendant. | Case No.: 3:17-cv-03468-PGS-LHG <br><br> Hon. Peter G. Sheridan <br> Hon. Lois H. Goodman |

**MEMORANDUM OF LAW IN RESPONSE AND REPLY TO THE MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF ADRIAN LOPEZ'S MOTION TO REMAND AND IN RESPONSE TO DEFENDANTS WILLIAM J. DELGADO'S AND DAVID A. LOPPERT'S MOTIONS TO DISMISS**

      Defendant William J. Delgado, ("Delgado"), and Nominal Defendant Global Digital Solutions, Inc., ("Global"), by and through their undersigned counsel, submit this Memorandum of Law in Response and Reply to the Memorandum of Law in Support of Plaintiff Adrian

1

Lopez's Motion to Remand and in Response to Defendants William J. Delgado's and David A. Loppert's Motions to Dismiss, Doc. No. 5-1, a copy of which is annexed hereto as Exhibit A.

### RESPONSE TO MOTION TO REMAND

### PRELIMINARY STATEMENT

**Lopez's counsel misrepresents Defendants' position.**

1. Plaintiff Adrian Lopez, ("Lopez"), states as follows:

    In support of their removal, Defendants ignored a subtle but crucial requirement for removal of a state law claim: a federal issue must be an *essential* part of the state law claim. See Exhibit A, *1 (boldface and italics in the original).

2. Defendants do not ignore that requirement, and they do more than argue that a federal issue is an essential part of Lopez's state law claims.

3. Defendants' position is that Lopez's First Claim, denominated as Breach of Fiduciary Duties, can be brought only in a Federal court. See Doc. No. 1-1, Notice of Removal, ¶¶ 14-26.

4. Further, Defendants' position is that Lopez artfully, but improperly, denominates his First Claim as a State law claim. See Doc. No. 1-1, ¶ 30.

5. Still further, Defendants' position is that, as this Court has original and exclusive jurisdiction over Lopez's First Claim, the Court may exercise jurisdiction over the remaining claims. See Doc. No. 1-1, ¶ 31.

**Lopez's counsel is presumptuous, and his accusation of bad faith is groundless.**

6. Lopez's counsel states as follows:

    No amount of reference to "allegations in actions filed in District Courts in New

>Jersey and Florida, and . . . an SEC federal action," changes the fact that "determining the merits of the claims [in the Complaint] does not depend on construction of federal law." Such references were made for comprehensiveness and ease of reference. Such stylistic prerogatives do not effect [sic] the core of the claims at issue, and Defendants know that, despite their smokescreen. See Exhibit A, *13 (internal citation omitted) (brackets in the original).

7. Defendants neither know nor concede any such thing, and, in any event, it is for the Court, not Lopez's counsel, to decide the issue.

8. To the extent that Lopez's counsel accuses Defendants and their counsel of acting in bad faith, the accusation is groundless.

## ARGUMENTS

**Lopez can bring his First Claim only in a Federal court.**

<u>Lopez alleges that this is an action for fraud.</u>

9. In his Verified Shareholder Derivative Complaint, ("the Complaint"), Doc. No. 1-2, Lopez alleges as follows:

>This is a classic fraud case whereby the Individual Defendants operated Global Digital as a shell to line their own pockets and those of their family members. See Doc. No. 1-2, ¶ 2.

10. Lopez further alleges as follows:

>[T]he Individual Defendants breached their fiduciary duties in that they intentionally and/or recklessly (1) grossly mismanaged the Company and its assets so as to benefit themselves, including by causing the Company to pay themselves excessive compensation, and (2) made and/or caused the Company to

3

make false and misleading statements and omissions of material fact regarding the Company's business, practices, operations, and prospects. See Doc. No. 1-2, ¶ 3.

11. Lopez pleads the allegation of gross mismanagement in his Fourth Claim, which he denominates as Gross Mismanagement. See Doc. No. 1-2, ¶¶ 196-202.

12. As to the purportedly false and misleading statements, Lopez alleges as follows:

These false and/or misleading statements and omissions of material fact caused an artificial inflation of Global Digital's stock price. See Doc. No. 1-2, ¶ 4.

13. Lopez further alleges as follows:

As a direct and proximate result of the Individual Defendants' gross mismanagement and false and misleading statements and omissions of material fact, the Company's stock has plummeted from nearly $1.00 to just over one tenth of a penny (i.e. $0.0014)!  See Doc. No. 1-2, ¶ 6.

<u>Lopez invokes the fraud on the market doctrine.</u>

14. In alleging a breach of fiduciary duties through false and misleading statements, resulting in a decline in stock value, Lopez claims a fraud on the market. See <u>Basic Inc. v. Levinson</u>, 485 U.S. 224, 241-242, 108 S. Ct. 978, 99 L. Ed. 2d 194 (1988) ("The fraud on the market theory is based on the hypothesis that, in an open and developed securities market, the price of a company's stock is determined by the available material information regarding the company and its business.") (internal citation, quotation marks, and ellipses omitted).

15. In the New Jersey Federal action, on which Lopez relies for the allegations in his own Complaint, See Doc. No. 1-2, ¶¶ 89-92, the plaintiff expressly invokes the fraud on the market doctrine. See Doc. No. 1-4, Amended Class Action Complaint for Violations of Federal

4

Securities Laws, ¶ 122.

<u>Reliance is an essential element of a fraud claim.</u>

16.     In any action alleging fraud, whether securities fraud or common-law fraud, a plaintiff must establish reliance as an essential element. See <u>Eli Lilly & Co. v. Roussel Corp.</u>, 23 F. Supp. 2d 460, 492 (D.N.J. 1998) ("The elements of a claim for common law fraud in New Jersey are: (1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon; and (5) resulting damages.") (internal citations omitted).

17.     When a plaintiff invokes the fraud on the market doctrine, there is a presumption of reliance.  See <u>In re Intelligroup Sec. Litig.</u>, 527 F. Supp. 2d 262, 292 (D.N.J. 2007) ("Since proving reliance could be hard in view of the nature of modern securities markets, federal courts fashioned a 'fraud-on-the-market' presumption for proving reliance based on the Efficient Capital Market Hypothesis, i.e., the premise that, if the market is efficient, the information disclosed by issuers, issuers' agents and analysts is both available to and swiftly absorbed by the market.") (internal citations omitted).

<u>The fraud on the market doctrine is applicable only in a federal securities fraud claim.</u>

18.     Under New Jersey law, the fraud on the market doctrine is limited to federal securities fraud litigation. See <u>Intl. Union of Operating Engrs. Local No. 68 Welfare Fund v. Merck & Co., Inc.</u>, 192 N.J. 372, 392, 929 A. 2d 1076 (2007) ("We have rejected the fraud on the market theory as being inappropriate in any context other than federal securities fraud litigation.") (citing to <u>Kaufman v. I-Stat Corp.</u>, 165 N.J. 94, 97-98, 754 A. 2d 1188 (2000)).

19.     In <u>Kaufman v. I-Stat Corp.</u>, the New Jersey Supreme Court held as follows:

5

> Because we discern no compelling reason to deviate from our current standard of proof for the reliance element in a common-law fraud action, and because we, like many commentators, cast a jaundiced eye on the worth of the fraud-on-the-market theory, we decline to expand our common law to permit its use. See Kaufman v. I-Stat Corp., 165 N.J. at 97.

20. The Court noted that the record did not establish why the plaintiff elected to file a State claim instead of a Federal claim. See Kaufman v. I-Stat Corp., 165 N.J. at n. 2 ("Plaintiff has acknowledged that she filed this action before the statute of limitations for a federal action had expired. Her reasons for filing her claim in state, instead of federal, court have not been revealed to us in this record.").

21. Regardless of why the plaintiff filed her claim in a State court, the Court held that her only remedy was in a Federal, not a State, court. See Kaufman v. I-Stat Corp., 165 N.J. at 118 ("[W]e note that plaintiff had available to her an adequate federal remedy perfectly suited to her complaint. She chose not to pursue it.").

**Lopez's allegations not taken from the Federal actions do not require a different result.**

22. Lopez states as follows:

> No federal action [that has been brought against Defendants] consists of claims based on, or even makes allegations regarding, the Company's (1) falsification of S. Sullivan's biography, (2) appointment of unqualified individuals to the Board, or (3) overcompensation of officers and directors. See Exhibit A, n. 4.

23. These three allegations are independent of the First Claim, as Lopez expressly pleads all three allegations in his Fourth Claim, Gross Mismanagement, See Doc. No. 1-2, ¶ 198, and he pleads the third allegation in his Fifth Claim, Waste of Corporate Assets. See Doc. No. 1-2, ¶ 204.

**Stern v. Baldwin does not require a different result.**

24. Lopez states as follows:

[T]his Court in *Stern v. Baldwin* remanded a derivative action involving claims of breach of fiduciary duties and waste of corporate assets against the directors and officers of Quest Diagnostics, Inc. and its subsidiary, "NID." See Exhibit A, *10 (citation omitted).

25. In Stern v. Baldwin, 2010 U.S. Dist. LEXIS 1062, *11 (D.N.J. 2010), the Court sets forth the claims as follows:

The complaint repeatedly details the undisputed facts upon which Plaintiff bases its claims:

. the guilty plea to a felony and the resulting $ 40 million fine

. the $ 262 million payment to the government to resolve complaints

. the $ 6.2 million payment to various Medicaid programs to resolve claims

. the agreement to a complex Corporate Integrity Agreement with expensive oversight

. termination of its profitable NID operation

. disallowance and recoupment of costs by the government

. loss of good will, attorneys' fees, and other expenses associated with everything described above.

26. As the Court sets forth the claims, the plaintiff does not allege a fraud on the market.

**Fagin v. Gilmartin does not require a different result.**

27. Lopez states as follows:

> [I]n *Fagin* [*v. Gilmartin*], Defendants argued the same thing that Delgado argues here, "that the [Plaintiff s] claims involve substantial and disputed federal issues because the claims are based on factual allegations that [the company] engaged in conduct that ran afoul of federal securities laws and regulations."  See Exhibit A, *12 (internal citation omitted).

28. Lopez misrepresents Delgado's argument, which is that Lopez can bring his First Claim only in a Federal court.

29. In Fagin v. Gilmartin, 2007 US Dist LEXIS 7256, *16 (D.N.J. 2007), the Court sets forth the claims as follows:

> The focus of this action is, rather, whether by their actions Defendant executives have wrongfully compensated themselves in excess of what they were entitled to receive and whether Defendants' conduct violated a special duty of care owed by the executives to the company and its shareholders - a duty completely governed by state law. The unjust enrichment claim charges that the excessive compensation was based on overstated revenues. The core of the claim is the allegedly improper recognition of co-payments as revenue. Such matters of accounting practices are not federal in nature, and the fact that Plaintiffs allege that the improper calculation of revenue was "falsely reported" to the SEC does not require an interpretation of federal law to pass on the merits of the unjust enrichment claim. The same analysis applies to the breach of fiduciary duty claim. Again, the claim is about mismanagement stemming from the inclusion of pharmacy co-payments in the company's reported revenue. Failure to comply with federal securities laws is alleged as one of many charged consequences of the Defendants' mismanagement.

8

30. As the Court sets forth the claims, an allegation of a fraud on the market is not at issue.

**Randolph v. Forsee does not require a different result.**

31. Lopez states as follows:

> Another example is the well-reasoned opinion in *Randolph v. Forsee*, a case that also involved a similar breach of fiduciary duty claim in a shareholder derivative action. See Exhibit A, *13 (citation omitted).

32. In Randolph v. Forsee, 2010 U.S. Dist. LEXIS 131807, *15 (D. Kan. 2010), the Court states as follows:

> The fact that a plaintiff could seek a remedy provided for by federal securities law based on the factual allegations in the Petition does not dictate the jurisdictional question.

33. Here, the fact that Lopez can bring his First Claim only in a Federal court does dictate the jurisdictional question.

**Lopez's reliance on Smith v. Silgan Containers Mfg. Corp. is misplaced.**

34. Defendants quote Smith v. Silgan Containers Mfg. Corp., 2016 U.S. Dist. LEXIS 78308, *9 (D.N.J. 2016), as follows:

> [A] plaintiff cannot avoid federal jurisdiction by artfully pleading his federal claim as a state law claim.

35. Lopez states as follows:

> Delgado's own cited case contradicts his position and belies his conclusion because it rejected the defendants' argument regarding "artful pleading" in that case and ruled that even if federal law and state law claims "would require

9

addressing precisely the same set of facts, as long as the state-law claim can be resolved without interpreting [federal law], the claim is is 'independent' of [federal law]." See Exhibit A, *7 (citing to Smith v. Silgan Containers Mfg. Corp. (quotation marks and brackets in the original).

36. The fact that, on the allegations before it, the Court did not find artful pleading does not invalidate either the Court's statement or Defendants' citation to it.

## CONCLUSION

37. Lopez can bring his First Claim only in a Federal court.

38. Lopez's First Claim is properly before this Court.

39. The Court should exercise its jurisdiction over Lopez's claims.

40. Lopez's Motion to Remand should be denied.

## **REPLY TO RESPONSE TO MOTIONS TO DISMISS**

41. Lopez responds as follows:

Defendants Delgado and Loppert are subject to personal jurisdiction in New Jersey. They chose to become fiduciaries of a New Jersey corporation, entered into employment contracts with a New Jersey corporation, availed themselves of the employee protection laws and other laws of New Jersey, breached their fiduciary duties to a New Jersey corporation, became unjustly enriched through their manipulation of a New Jersey corporation, wasted the corporate assets of a New Jersey corporation, exercised control over, and abused their control over, a New Jersey corporation, and grossly mismanaged a New Jersey corporation. Their conduct caused ample damage to New Jersey shareholders, and Delgado and Loppert may be protected by New Jersey corporate law from direct

10

liability for doing so. *See Gerald Chamales Corp. v. Oki Data Americas, Inc.,* 557 F. Supp. 2d 494, 500 (D.N.J. 2008) (holding that actions taken by a defendant in his or her "corporate capacity" can be used to establish personal jurisdiction over the defendant where those actions tend to establish individual liability.) Furthermore, Global Digital is subject to personal jurisdiction as it is a New Jersey corporation. See Exhibit A, n. 7.

42. There, the Court states as follows:

Chamales traveled to New Jersey to discuss the sale of Cartridge Solutions and engaged in subsequent correspondence on numerous occasions with McElreath in New Jersey to negotiate the terms of the parties' agreements via telephone and electronic mail. Chamales made the alleged misrepresentations to Oki Data and McElreath during the course of these negotiations, and thus, the litigation here arises out of or relates to Chamales's activities in the forum state. (internal citation and quotation marks omitted) ...

Both the Supply Agreement and the Purchase Agreement were inextricably related and arose from the same set of negotiations. Indeed, the execution of the Supply Agreement was an express condition precedent to the consummation of the Purchase Agreement. See Gerald Chamales Corp. v. Oki Data Americas, Inc., 557 F. Supp. 2d at 499.

43. Here, Delgado never traveled to New Jersey for any business purpose or in any corporate capacity. See Doc. No. 2-3, Affidavit in Support of Defendant's Motion to Dismiss Due to Lack of Personal Jurisdiction, ¶ 18.

44. There, the Court further states as follows:

[T]here were contractual provisions that should have put Chamales on notice

11

such that he could reasonably anticipate being haled into court in New Jersey. Under the notice provisions of both the Supply Agreement and the Purchase Agreement, Oki Data's Mount Laurel address in New Jersey is listed as the recipient of required notices or other communications under these agreements. Likewise, the Supply Agreement and the Purchase Agreement both contained a choice of law provision providing that the laws of New Jersey were to govern the agreements. See Gerald Chamales Corp. v. Oki Data Americas, Inc., 557 F. Supp. 2d at 500 (internal citation omitted).

45. Here, there are no such agreements at issue.

46. Defendants request leave for the Parties to brief the United States Supreme Court's decision in Bristol-Myers Squibb Co. v. Superior Ct., 2017 U.S. LEXIS 3873, decided on June 19, 2017, and not yet published in an official reporter, as to its holding regarding personal jurisdiction over out-of-state defendants.

47. Defendants request further leave to file an amended Reply to Response to Motions to Dismiss, as appropriate, based on Bristol-Myers Squibb Co. v. Superior Ct., and, as a matter of fundamental fairness, for Lopez to file a sur-reply.

Dated:   New York, New York
         July 3, 2017

                                             Respectfully submitted,

                                             /s/ Joshua D. Brinen
                                             Joshua D. Brinen
                                             Brinen & Associates, LLC
                                             90 Broad Street, Second Floor
                                             New York, New York 10004
                                             (212) 330-8151 (Telephone)
                                             (212) 227-0201 (Fax)
                                             jbrinen@brinenlaw.com

                                          Attorneys for Defendant William J. Delgado and Nominal Defendant Global Digital Solutions, Inc.

13